# NOTICE OF REMOVAL
# Roderick Williams v. KIPP Minnesota
# EXHIBIT B

STATE OF MINNESOTA                                DISTRICT COURT

COUNTY OF HENNEPIN                      FOURTH JUDICIAL DISTRICT

_____

Roderick Williams,

      Plaintiff,                         Court File No. _____
                                           Case Type:  Employment

v.
                                           **NOTICE OF MOTION AND**
                                           **MOTION TO DISMISS**
KIPP Minnesota,

      Defendant.

_____

To:    Plaintiff through his attorney Eric Satre, Satre Law Firm, International Plaza, 7900 International Drive, Suite 300, Bloomington, MN 55425.

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that a hearing will be held on a date and time to be determined at a later date, before a judicial officer of the Fourth Judicial District, at the Hennepin County Government Center, 300 South 6th Street, Minneapolis, MN 55487, on a Motion to Dismiss submitted by Defendant KIPP Minnesota.  Defendant KIPP Minnesota will contact the Court to schedule the hearing at a future date upon the filing of the above-captioned lawsuit.

**MOTION**

Pursuant to Minnesota Rules of Civil Procedure 12.02(e), Defendant KIPP Minnesota respectfully moves the Court for an order dismissing Plaintiff's claims against it in their entirety and with prejudice.  This Motion is based upon all of the pleadings, files, records, and proceedings herein, along with the memorandum of law and any other

1

**Exhibit B**

supporting documents to be filed at a future date in accordance with Rule 115.03 of the Minnesota Rules of General Practice and the arguments of counsel to be made at the hearing.

Defendant KIPP Minnesota's motion is made in lieu of a responsive pleading in accordance with Rule 12 of the Minnesota Rules of Civil Procedure.

Dated: May 23, 2023

**SQUIRES, WALDSPURGER & MACE P.A.**

By: */s/John P. Edison*
John P. Edison (#391118)
333 South Seventh Street, Suite 2800
Minneapolis, MN 55402
Phone: (612) 436-4300
Fax: (612) 436-4340
john.edison@raswlaw.com

**ATTORNEYS FOR DEFENDANT**

2

**Exhibit B**

## ACKNOWLEDGMENT

The undersigned acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded under Minn. Stat. § 549.211, subd. 3, to the party against whom the allegations in this pleading are asserted.


Dated: May 23, 2023                         _/s/John P. Edison_____

                                            John P. Edison (#391118)


SWM:  238546

3

**Exhibit B**

**AFFIDAVIT OF SERVICE BY U.S. MAIL AND ELECTRONIC MAIL**

STATE OF MINNESOTA    )
                                   )  ss
COUNTY OF HENNEPIN    )

      Briana Ludwig being duly sworn, states on May 23, 2023, she served the Defendant KIPP Minnesota's *Notice of Motion and Motion to Dismiss* on:

      Eric Satre
      Satre Law Firm
      International Plaza
      7900 International Drive, Suite 300
      Bloomington, MN 55425
      esatre@satrelaw.com

by mailing to him a copy thereof, postage prepaid, and by depositing same in the post office at Minneapolis, Minnesota and e-mailing to the above-referenced e-mail address.

                                     /s/ Briana Ludwig
                                     Briana Ludwig

                                     Subscribed and sworn to before me
                                     this 23rd day of May, 2023.

                                     /s/ Jenna Nestberg
                                     Notary Public, Minnesota

                                     My Commission Expires January 31, 2025

Our File No. 1582-0152
SWM: 238565

**Exhibit B**

# NOTICE OF REMOVAL
# Roderick Williams v. KIPP Minnesota
# EXHIBIT C

| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | Case Type: 7. Employment |
| Roderick Williams, | |
| Plaintiff, | **AMENDED COMPLAINT** |
| v. | **(JURY TRIAL DEMANDED)** |
| KIPP Minnesota, | |
| Defendant. | |

Roderick Williams, the Plaintiff above-named for her cause of action against Defendant states and alleges as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff is an African American adult male, college graduate, father, grandfather and resident of the State of Minnesota.

2.      Defendant KIPP Minnesota (hereinafter "KIPP") is a Minnesota Nonprofit Corporation engaged in the business of operating charter public schools.  Its registered office address is located at 5034 North Oliver Avenue Minneapolis, MN 55430.  Its registered agent is Alvin Abraham.

3.      Plaintiff was hired by KIPP as a Paraprofessional at KIPP North Star Primary on August 6, 2019.

4.      At the time of Plaintiff's termination on April 26, 2022, his final rate of pay was $41,011.00 per year.

5.      During the final month of his employment, Plaintiff had made several attempts at communicating with human resources in an effort to report pay discrepancies he was experiencing.

**Exhibit C**

6.      Based on knowledge and belief, Plaintiff was being shorted on his pay checks and was hoping to enlist support from human resources to investigate his complaint.

7.      Plaintiff has over 20 years of experience working in education with a large portion of that time working directly with students with challenging and disruptive behavior profiles.

8.      Plaintiff's responsibilities at KIPP included dealing with disruptive and at times physically aggressive and assaultive students.

9.      On April 19, 2022, Plaintiff was working with his one-on-one assignment with a student that manifested sufficient behavioral challenges that he merited one to one support in KIPP's designated "Behavior Room."

10.     Plaintiff excused himself from his assignment for a brief bathroom break.

11.     Upon his return, his assigned student stuck his leg out and tripped Plaintiff who fell to the ground.

12.     In an effort to gain attention and seek a consequence for Plaintiff who was assigned to manage his behavioral outbursts, the student claimed that Plaintiff kicked him.

13.     Plaintiff was the victim of an assault by the student in his charge.

14.     No adult witnesses were present in the Behavior Room.

15.     Plaintiff asked the student why he had tripped him and received no response.

16.     The student defiantly exited the Behavior Room and as soon as he saw a female teacher in the hallway he preemptively began to cry and claim that Plaintiff had kicked him.

17.     The student's intent was to avoid any consequence for his assault on Plaintiff.

18.     In over two decades of working in education, Plaintiff has never been accused of or sanctioned for assaulting a student.

2

Exhibit C

19.    The student was eventually met by other members of the Behavior Team that prevented him from exiting the building.

20.    The student was redirected to the playground where he remained under the supervision of the Behavior Team.

21.    Plaintiff was then approached by Ramone Wilder, Middle School Principal/Supervisor and asked him to provide a statement.

22.    Plaintiff dictated his statement to Wilder.

23.    Plaintiff never saw or approved the final statement.

24.    Plaintiff was reassigned to work with fourth grade teacher, Ms. Linda l/n/u for the remainder of the day and after bus duty.

25.    While prepping for the next day with Ms. Linda, Ms. D l/n/u from KIPP human entered the classroom.

26.    Plaintiff asked her when she would be available since he was trying to communicate his salary concerns. Ms. D responded by stating that Plaintiff  was being summoned to Ms. Dunbar's office.

27.    Plaintiff reported to Ms. Dunbar's office where he was informed that he was being fired for the violence against a student that occurred earlier in the day with the student that tripped him.

28.    Ms. Dunbar as well as Mr. Wilder and all other professional staff at KIPP are mandatory reporters.

29.    Plaintiff was never reported for violence against a student, nor was local law enforcement notified.

3

**Exhibit C**

30.     Plaintiff was never sanctioned for the alleged violence by any external administrative body or licensing authority.

31.     Plaintiff was never given an opportunity to rebut any statements taken or investigative findings.

32.     Plaintiff was terminated in a matter of hours from the time the student fabricated his fantasy in order to avoid the consequences of his assault on Plaintiff.

33.     Plaintiff's only disciplinary history at KIPP was for attendance and tardiness.

34.     Throughout his tenure at KIPP, Plaintiff observed a clear racial double standard that extended to teacher protection. For example, when black staff member Mr. Everett was pushed almost to the floor by a student, the student was not suspended. However, when a white teacher was hit by a student the student was suspended for multiple days. Likewise, Plaintiff reported being hit by three students, and none of those students were suspended.

35.     Plaintiff was terminated from KIPP for false and pretextual reasons.

36.     Plaintiff had been attempting to resolve pay discrepancies for weeks prior to the alleged incident that resulted in his termination.

37.     The false and pretextual reason given to Plaintiff for his termination at the time was for his latest act was "violence against a student," therefore, warranting termination of our professional relationship and rights to the position."

38.     KIPP and its administrative staff are mandatory reporters of any violence against a student. They did not report.

39.     On January 17, 2023, Plaintiff sent KIPP a demand for payment of all outstanding monies owed.

40.     Plaintiff did not receive a response to his demand.

4

**Exhibit C**

## COUNT I
## Discrimination based on Race in violation of 42 USC §1981
### (Against Kipp)

Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

41.     Plaintiff was treated differently than similarly situated Caucasian co-workers.   He was terminated for a false allegation of violence against a student.

42.     During Plaintiff's tenure at KIPP, a former Dean of Students repeatedly reported similarly situated white female coworker were repeatedly reported for physical misconduct and inappropriate physical interactions with students, the white woman was not even investigated.  The complaints against her were summarily disregarded.

43.     Plaintiff was terminated for violence against a student when he had not even touched the child and there were no witnesses to the alleged conduct.

44.     As a result, Plaintiff has suffered damages including but not limited to past as well as future lost wages, past and future emotional distress and suffering.

45.     Plaintiff in a protected category under the law based on his race.

46.     A similarly situated white employee was not terminated when repeated complaints were made about her inappropriate physical and potentially sexual contact with a student.

47.     These actions are in violation of 42 USC §1981.

48.     As a direct and proximate result of the discrimination, Plaintiff suffered and continues to suffer damages including, but not limited to economic loss, emotional distress, pain and suffering, anxiety, and mental and physical anguish.

5

**Exhibit C**

## COUNT II
## Defamation

Plaintiff alleges and incorporates herein by reference the allegations in the preceding paragraphs.

49.     On April 26, 2022, Defendants created a Notice of Unsatisfactory Work Performance or Conduct stating *"There have been warnings regarding performance and attendance. The latest act was violence against a student, therefore, warranting termination of our professional relationship and rights to the position."*

50.     The ***"violence against a student"*** portion of the statement was defamatory, and it was not based upon reasonable or probable cause to believe that it was true.

51.     The allegation that Plaintiff committed the act of "violence against a student" constitutes defamation per se.

52.     That statement was made with actual malice.

53.     Plaintiff was compelled to republish that defamatory reason.

54.     As a result, Plaintiff was defamed and he has been and continues to be damaged and suffers losses including, but not limited to, severe emotional distress, physical and mental anguish, pain and suffering, past and future harm to reputation, mental distress, humiliation, and embarrassment.

## COUNT III
## VIOLATION OF MINNESOTA STATUTES §181.13

Plaintiff alleges and incorporates herein by reference the allegations in the preceding paragraphs.

6

Exhibit C

55.    Following his termination, on January 17, 2023, Plaintiff sent KIPP a demand for payment of all outstanding monies owed.

56.    Defendants have refused to pay Plaintiff all outstanding monies owed to him as required by statute.

57.    Defendants' failure to pay Plaintiff the wages owed is a violation of Minnesota Statute section 181.13 et seq., subjecting the employer to penalties as provided under the statute.

58.    Plaintiff is entitled to costs and disbursements, and attorney's fees as provided under Minnesota Statute section 181.171 et seq.

59.    Therefore, Plaintiff has been damaged in the amount of his unpaid wages as well as the 15-day daily wage penalty and his reasonable attorney fees and costs.

**WHEREFORE**, Plaintiff prays that he be granted the following relief:

1.    An Order that defendant Defendants be permanently restrained and enjoined from discriminating based on race and/or reprisal regarding the terms and conditions of employment.

2.    Damages equal to the past and future wages, income, and benefits lost, as well as past and future emotional distress and suffering by reason of defendant's violations of 42 USC §1981.

3.    Compensatory and special damages to be paid by defendants to plaintiff in an amount in excess of Fifty Thousand and No/100 ($50,000.00) Dollars.

4.    Punitive damage under 42 USC ¶1981.

5.    Costs and disbursements, and attorney's fees as provided under Minnesota Statute section 181.171 et seq.;

6.    On all applicable counts, reasonable attorney's fees, costs and disbursements.; and

**Exhibit C**

7.   For such other relief as this Court deems just and equitable.

Dated: <u>June 27, 2023</u>                                         **SATRE LAW FIRM**

                                                     <u>/s/ *Eric D. Satre*</u>
                                                     Eric D. Satre, MN Bar No. 183015
                                                     Attorney for Plaintiff
                                                     INTERNATIONAL PLAZA
                                                     7900 International Drive
                                                     Suite 300
                                                     Bloomington, MN 55425
                                                     Telephone: (651) 212-4919
                                                     Facsimile: (651) 212-4203
                                                     esatre@satrelaw.com
                                                     admin@satrelaw.com

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.211 to the party against whom the allegations in this pleading are asserted.

Dated: <u>June 27, 2023</u>                          <u>/s/ *Eric D. Satre*</u>
                                                     Eric D. Satre (#183015)

**Exhibit C**

## AFFIDAVIT OF SERVICE

STATE OF MINNESOTA)

               ) SS.

COUNTY OF DAKOTA)

      Mario Fiallos of the City of Saint Paul, County of Dakota, in the State of Minnesota, being duly sworn, says that on the 28th day of June 2023, he served the following:

- **AMENDED COMPLAINT- RODERICK WILLIAMS VS KIPP MINNESOTA.**

upon:

John P. Edison, Esq.
SQUIRES, WALDSPURGER & MACE P.A.
333 South Seventh Street, Suite 2800
Minneapolis, MN 55402
Phone: (612) 436-4300
Fax: (612) 436-4340
john.edison@raswlaw.com

by facsimile to him a true and correct copy thereof.

      I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: June 28, 2023

                                   */s/ Mario Fiallos*
                                   Mario Fiallos

**Exhibit C**