| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Employment |

| | |
|---|---|
| Roderick Williams, | Court File No. _____ |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| KIPP Minnesota, | |
| Defendant. | |

For its Answer to the Amended Complaint ("Amended Complaint") of Roderick Williams ("Plaintiff"), Defendant KIPP Minnesota ("Defendant") states and alleges as follows:

1. Denies each and every allegation, matter, and thing contained in the Amended Complaint except as expressly admitted in this Answer.

2. Admits the allegations in Paragraphs 4, 40, and 49.

3. Denies the allegations in Paragraphs 5-7, 31, 33, 35-37, 41-44, 46-48, 50-54, and 56-59.

4. Asserts that Defendant does not have sufficient knowledge or information to admit or deny the allegations in Paragraphs 18 or 30, and, therefore, denies the same.

5. As to the allegations in Paragraph 1, admits only that Plaintiff is an African-American male and father, and asserts that Defendant lacks sufficient information

1

to admit or deny the balance of the allegations in said Paragraph and, therefore, denies the same.

6. With respect to Paragraph 2, denies that Defendant's registered agent is Alvin Abraham and admits the balance of the allegations in said Paragraph.

7. As to the allegations in Paragraph 3, admits that Plaintiff was hired as a paraprofessional on August 6, 2019, with a start date of August 12, 2019.

8. With respect to Paragraph 8, Defendant admits only that Plaintiff was a special education paraprofessional and worked one-on-one with students assigned to him, and that some of the responsibilities included behavior support. Defendant denies the characterization of its students as "physically aggressive and assaultive students" and asserts that Plaintiff's characterization is not reflective of the mindset a paraprofessional must have to be successful in that position.

9. With respect to the allegations in Paragraphs 9-17 and 19-20, Defendant denies Plaintiff's characterization of the April 19, 2022 incident referenced in the Amended Complaint. Defendant affirmatively asserts that Plaintiff was assigned to work one-on-one with a student on April 19, 2022, that Plaintiff attempted to move past the student as Plaintiff entered a room, that Plaintiff kicked the student when the student would not move out of his way, and that other staff intervened when the student attempted to leave the building after being kicked by Plaintiff. Defendant further asserts that another employee witnessed Plaintiff kick the student.

10. With respect to the allegations in Paragraphs 21 through 27, Defendant denies Plaintiff's characterization of Defendant's investigation into and response to the incident in which he kicked a student. Defendant asserts Plaintiff was given an opportunity to provide information to a supervisor, that Plaintiff was reassigned to work with another teacher for a remainder of the school day on April 19, 2022, that Plaintiff met with central office administrators Deonna Perez-Evans and Israel Moses in Principal Nikia Dunbar's office at the end of the work day on April 19, 2022, and that Plaintiff was informed his employment was being terminated during the meeting with Ms. Perez-Evans and Mr. Moses. Defendant further asserts that Plaintiff's employment was terminated because he had a well-documented history of discipline, including a prior final warning related to attendance issues, in addition to the fact that he kicked a student.

11. As to the allegations in Paragraphs 28, 29, and 38, Defendant admits that its employees are mandatory maltreatment reporters under Chapter 260E of the Minnesota Statutes. Defendant further admits a maltreatment report was not made against Plaintiff and asserts that the events leading to Plaintiff's termination did not require a report because the student was not injured. Defendant further asserts Minnesota's mandatory reporting laws speaks for themselves and are not necessarily as stated or categorized by Plaintiff. Defendant denies Plaintiff's conduct was "not reported," as it was reported to and addressed by Defendant's administration.

12. With respect to the allegations in Paragraph 32, Defendant admits only that Plaintiff was terminated and denies the balance of the allegations in said Paragraph.

13. As to the allegations in Paragraph 34, Defendant denies that Plaintiff observed a clear racial double standard with regard to teachers. As to the remainder of the allegations in said Paragraph, the Amended Complaint lacks sufficient detail for Defendant to admit or deny the allegations, and, therefore, Defendant denies the same.

14. As to the allegations in Paragraphs 39 and 55, Defendant admits that Plaintiff sent a demand for payment on or about January 18, 2023 but did not specify what he claims to be owed. Defendant further asserts that Plaintiff's ongoing failure to identify what he is owed for unpaid wages, along with the fact that he did not submit a demand for unpaid wages until over seven months after his employment ended, demonstrates there is no good faith basis for the claim outlined in Count III of the Amended Complaint.

15. As to the allegations in Paragraph 45, Defendant admits only that race is a protected class under 42 U.S.C. § 1981 and certain other laws, and asserts said Paragraph sets forth a legal conclusion not requiring a response.

16. As to the relief requested in Paragraphs 1 through 7 on Pages 7 and 8 of the Amended Complaint, Defendant denies Plaintiff is entitled to any relief requested and puts Plaintiff to his proof thereof.

## AFFIRMATIVE DEFENSES

17. Affirmatively alleges that there is no good faith factual basis for the claims asserted in the Amended Complaint and that this lawsuit is, therefore, brought in bad faith for purposes of harassment.

18. Affirmatively alleges that some or all of Plaintiff's purported causes of action must be dismissed because he failed to plead sufficient factual allegations, which if accepted as true, are sufficient to assert a claim against Defendant.

19. Affirmatively alleges that Plaintiff's act of kicking a student, along with his documented history of other performance issues, was a legitimate, non-discriminatory reason for Defendant to terminate his employment.

20. Affirmatively alleges that Plaintiff cannot establish a prima facie case for race discrimination under 42 U.S.C. § 1981 because he does not, and cannot, identify an instance in which another similarly situated employee of any race or gender engaged in the same type of misconduct as he did and was treated differently.

21. Affirmatively alleges that Plaintiff has not met the pleading standard for a 42 U.S.C. § 1981 claim, as he does not allege race was the "but for" cause of his termination *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S.Ct. 1009 (2020) (holding that "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right.")

22. Affirmatively alleges Plaintiff failed to state a defamation claim against the Defendant because Plaintiff has not identified any third party to whom he was allegedly compelled to republish allegedly defamatory statements and he does not

allege Defendant itself communicated allegedly defamatory statements to a third party.

23. Affirmatively alleges that truth is an absolute defense to Plaintiff's defamation claim and the Defendant's stated reasons for terminating Plaintiff's employment were true.

24. Affirmatively alleges that Defendant is immune from liability from Plaintiff's defamation claim under the doctrine of qualified privilege. Defendant had a legitimate purpose in disciplining Plaintiff for his misconduct in kicking a student and, therefore, the statements were not defamatory.

25. Affirmatively alleges that Defendant paid all unpaid wages owed to Plaintiff on May 13, 2022, and that Plaintiff's ongoing failure to identify what he claims to be owed for unpaid wages demonstrates there is no good faith basis for the claim asserted in Count III.  Defendant has fully discharged its payment obligations to Plaintiff.

26. Affirmatively alleges that some or all of Plaintiff's claims may be precluded, in whole or in part, under the doctrines of unclean hands, waiver, estoppel, and/or laches.

27. Affirmatively alleges that Plaintiff's claims may be barred by immunity, whether created by common law, statute, or otherwise, and whether set forth as absolute, qualified, conditional, official, good faith, or any other type of immunity or privilege, including but not limited to, discretionary immunity, official immunity, or any other form of immunity outlined in Minnesota Statutes Chapter 466

28. Affirmatively alleges that Plaintiff's claims are subject to the liability limitations set forth in Minnesota Statutes Chapter 466.

29. Defendant reserves the right to assert any and all additional affirmative defenses codified in statute, the applicable Rules of Civil Procedure, and/or found in any other source of law as may be identified through further investigation and discovery.

WHEREFORE, Defendant prays that Plaintiff takes nothing against it in this matter, that the same be dismissed with prejudice, and that the Defendant recovers judgment for its costs and disbursements along with any other relief this Court deems just and equitable.

**SQUIRES, WALDSPURGER & MACE P.A.**

Dated: July 21, 2023

By: *s/John P. Edison*
John P. Edison (#391118)
Dalia N. Istephanous (#0403617)
333 South Seventh St., Suite 2800
Minneapolis, MN 55402
Phone: (612) 436-4300
Fax: (612) 436-4340
john.edison@raswlaw.com
dalia.istephanous@raswlaw.com

**ATTORNEYS FOR DEFENDANT KIPP MINNESOTA**

## ACKNOWLEDGMENT

I acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded under Minn. Stat. § 549.211, subd. 3, to the party against whom the allegations in this pleading are asserted.

**SQUIRES, WALDSPURGER & MACE P.A.**

Dated: July 21, 2023

By: *s/John P. Edison*
John P. Edison (#391118)
Dalia N. Istephanous (#0403617)
333 South Seventh St., Suite 2800
Minneapolis, MN 55402
Phone: (612) 436-4300
Fax: (612) 436-4340
john.edison@raswlaw.com
dalia.istephanous@raswlaw.com

**ATTORNEYS FOR DEFENDANT KIPP MINNESOTA**

SWM: 242538